FILED IN CHAMBERS
U.S.D.C. Atlanta

SEP 17 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID SEAN WHITEMAN, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:03-CR-543-JEC |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-2111-JEC |

## ORDER AND OPINION

Movant, David Sean Whiteman, presently incarcerated at the Federal Correctional Institute in Talladega, Alabama seeks to challenge pursuant to 28 U.S.C. § 2255 his August 25, 2005, conviction and sentence. This matter is pending before this Court on Movant's § 2255 motion [Doc. 60], Movant's motion for appointment of new counsel [Doc. 61], and the Government's response [Doc. 64].

### I. Procedural and Factual Background

On September 23, 2003, Movant was indicted and charged with eleven counts (Counts One through Eleven) of bank fraud, in violation of 18 U.S.C. § 1344, and four counts (Counts Twelve through Fifteen) of forging securities, in violation of 18 U.S.C. § 513(a). [Doc. 1]. More specifically, the indictment charged that: (1) at all relevant times, Movant was employed by Barry Manufacturing as the Vice President in charge of Finance and Administration; and (2) between May, 1999, and March, 2000, Movant

AO 72A
(Rev.8/82)

had, without authorization, negotiated third-party checks made payable to Barry Manufacturing and deposited them into his personal account at Sun Trust Bank as well as the Sun Trust Bank account of Faith Concepts, a company owned by Movant. [Id. at 1-4].

On May 26, 2004, Movant entered a negotiated guilty plea to Count Thirteen. [Doc. 243]. While the government agreed to dismiss all of the remaining counts, Movant expressly stipulated in the negotiated plea agreement that the Court could "consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines." [Id. at 2]. The agreement also included the following relevant limited waiver-of-appeal provision:

> To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that [Movant] may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. [Movant] understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, [Movant] may also file a direct appeal of the sentence.

[Id. at 3]. This Court then accepted Movant's guilty plea. (Plea Transcript at 27).

Before sentencing, the probation officer prepared a Pre-Sentence Investigation Report ("PSR"). The probation officer listed Movant's base offense level at 17 based upon his guilty plea to forging securities resulting in loss to the victims of between

2

AO 72A
(Rev.8/82)

$120,000 and $200,000. (PSR at ¶¶ 44-50). The probation officer then adjusted Movant's offense level downward by three levels based upon Movant's acceptance of responsibility. (PSR at ¶ 51-52). Finally, the probation officer calculated Movant's criminal history to be IV based upon seven criminal history points. (PSR at ¶ 62). Based on these calculations, the probation officer recommended a sentencing guideline range of 27-33 months' imprisonment. (PSR at p.29).

Following sentencing hearings conducted on June 8 and August 19, 2005, this Court entered a Judgment and Commitment on August 25, 2005, sentencing Movant to twenty-seven months in prison to be followed by two years of supervised release. [Doc. 46]. Movant, while represented by counsel, appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. [Doc. 47]. On December 7, 2005, the Eleventh Circuit dismissed Movant's appeal pursuant to his motion for voluntary dismissal. [Doc. 57].

## II. The Instant § 2255 Motion

On September 1, 2006, this Court received Movant's § 2255 motion. [Doc. 60]. In his § 2255 motion, Movant raises the following four grounds for relief: (1) the government obtained evidence in the form of certain banking information through an unconstitutional search and seizure (Ground One); (2) counsel rendered ineffective assistance by failing to request either an evidentiary hearing with respect to the

3

foregoing evidence or objecting to their use for sentencing purposes (Ground Two); (3) the prosecutor failed to inform Movant "that the banking statements were received by illegal means and that the government never received a court order to obtain the bank records" (Ground Three); and (4) Movant's conviction was obtained unlawfully by action of the grand jury which received illegal information as to Movant's banking records (Ground Four).

The government contends that the instant § 2255 motion should be denied based on the following reasons: (1) Movant is barred from presenting his claims because he agreed to waive any collateral attack of his sentence pursuant to the written plea agreement [Doc. 64 at 5]; (2) Movant's guilty plea waives all non-jurisdictional defects occurring prior to the plea, including any Fourth Amendment claims [Id. at 6-7]; (3) Movant is procedurally barred from bringing his claims because he failed to raise them before the trial court and on direct appeal [Id. at 7-9]; and (4) Movant's claims are without merit [Id. at 9-13].

### III. Standard of Review

Federal courts have consistently held that a collateral challenge to a federal conviction and sentence, such as the instant § 2255 motion, "may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). As stated by the Supreme Court, "[o]nce the defendant's chance to appeal has been

waived or exhausted, . . . we are entitled to presume [she] stands fairly and finally convicted, especially when . . . [she] already has had a fair opportunity to present [her] federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Thus, "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166. Federal courts may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989).

The threshold inquiry in considering § 2255 claims is whether the alleged errors are cognizable in a § 2255 proceeding. Lynn, 365 F.3d at 1233. As recognized in Lynn, "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation and citation omitted).

Even if the claims are technically cognizable in a § 2255 motion, a movant must, nevertheless, assert all challenges on direct appeal. See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). If available challenges to a federal criminal conviction or sentence are not advanced on direct appeal, those claims will be

considered procedurally defaulted in a § 2255 proceeding. Id. "This rule generally applies to all claims, including constitutional claims." Lynn, 365 F.3d at 1234. A claim is "usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id. at 1233.

Absent a showing that the claim was unavailable, a § 2255 movant can avoid a procedural bar of the claim by demonstrating one of two exceptions to the general procedural default rule. Lynn, 365 F.3d at 1234. Under the first exception, the movant must establish "cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. (emphasis in original). Under the second exception (sometimes referred to as the "fundamental miscarriage of justice exception"), the court may excuse the failure to show cause for a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 1234-35 (internal quotation and citation omitted).

### IV. Analysis

#### A. Grounds One, Three, and Four

In Grounds One, Three, and Four, Movant claims that the government obtained evidence in the form of certain banking information through an unconstitutional search and seizure (Ground One), that the prosecutor failed to inform Movant "that the banking statements were received by illegal means and that the government never

received a court order to obtain the bank records" (Ground Three), and that Movant's conviction was obtained unlawfully by action of the grand jury which received illegal information as to Movant's banking records (Ground Four). All of these grounds relate to Movant's primary contention that the subject bank records were obtained in violation of the Fourth Amendment's prohibition against illegal search and seizures.

Movant's claims in Grounds One, Three, and Four were not raised on direct appeal, and are, therefore, procedurally barred in the instant § 2255 motion unless Movant can establish a sufficient basis for overcoming the procedural bar. See Mills, 36 F.3d at 1055. Movant claims that his counsel rendered ineffective assistance in connection with the appeal process by not consulting with Movant.

Ineffective assistance of counsel may constitute cause to overcome the procedural bar which would otherwise block § 2255 claims not raised on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989)). The court in Nyhuis explained the showing necessary for a claim of ineffective assistance of counsel to satisfy the cause requirement:

> [t]he claim of ineffective assistance must have merit. (Citation omitted). To determine whether it does, [the court] must decide whether the arguments the defendant alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal. (Citation omitted). Appellate counsel is not ineffective for failing to raise claims

7

"reasonably considered to be without merit." <u>Alvord v. Wainwright</u>, 725 F.2d 1282, 1291 (11th Cir. 1984).

211 F.3d at 1344. Even if Movant could establish cause, Movant has failed to demonstrate the requisite prejudice to excuse his failure to raise Grounds One, Three, and Four on direct appeal because these grounds are without merit. <u>See Fortenberry v. Haley</u>, 297 F.3d 1213, 1222 (11th Cir. 2002).

The Supreme Court has held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). Thus, a "voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings." <u>United States v. Patti</u>, 337 F.3d 1317, 1320 (11th Cir. 2003); <u>Tiemens v. United States</u>, 724 F.2d 928, 929 (11th Cir. 1984).

With respect to Grounds One, Three, and Four, Movant claims that the government illegally obtained certain banking information pertaining to the Sun Trust Bank account of Faith Concepts and the Sun Trust Bank account owned jointly by Movant and another person. The record reflects that grand jury subpoenas were issued to Sun Trust Bank on August 16, 2002, to obtain the subject Sun Trust Bank records.

[Doc. 64, Exhs. A and B]. Thereafter, Movant entered his guilty plea to Count Thirteen of the indictment on May 26, 2004. A review of the plea transcript reflects that Movant's plea was unconditional, knowing, and voluntary. (Plea Transcript at 5-9, 12-14, 16-18, 22-27). Consequently, Movant waived his Fourth Amendment search and search claims with respect to the subject bank records. See United States v. Aguilar, 196 Fed. Appx. 837, 838 (11th Cir. 2006) (holding that defendant's voluntary unconditional guilty plea waived his Fourth Amendment search and seizure claim).

Even if Movant's Fourth Amendment claims related to the seizure of the subject bank records were not waived by the guilty plea, they are without merit. Where bank records are obtained through a defective grand jury subpoena, the Supreme Court held that bank customers retain no legitimate Fourth Amendment expectation of privacy in their accounts. United States v. Miller, 425 U.S. 435, 442-44 (1976). Consequently, information obtained from seized bank accounts pursuant to a grand jury subpoena may not be suppressed on the basis that the defendant "possessed no Fourth Amendment interest that could be vindicated by a challenge to the subpoenas." Id. at 445.

In response to the holding in Miller, Congress passed the Right to Financial Privacy Act of 1978 ("RFPA"), Pub.L.No. 95-630, Title XI, 92 Stat. 3697 (codified as amended at 12 U.S.C. §§ 3401-3422). The RFPA "protect[s] the customers of

financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." See McDonough v. Widnall, 891 F.Supp. 1439, 1447 (D. Colo. 1995) (quoting H.R. Rep. No. 95-1383 at 33, *reprinted in* 1978 U.S. Code Cong. & Admin. News 9305). However, any failure to comply with the RFPA does not amount to a Fourth Amendment violation as the statute does not create a constitutional expectation of privacy. See United States v. Kington, 801 F.2d 733, 737 (5th Cir. 1986); Best v. Johnson No. 4:03-CV-841, 2004 WL 2301233 at *3 (E.D. Ark. Oct. 8, 2004). Consequently, the remedy of suppression also is unavailable for a defendant even where bank records are obtained in contravention of the RFPA. See Kington, 801 F.2d at 737-38.

In the instant case, Movant has failed to demonstrate that the subject bank records were obtained illegally. Indeed, federal law enforcement agents may lawfully obtain an individual's bank records through a grand jury subpoena. FED. R. CRIM. P. 17(c). Even if Movant could show that the grand jury subpoenas were defective in some fashion, he cannot demonstrate a Fourth Amendment violation that would justify the suppression of the bank records because the RFPA does not create a constitutional expectation of privacy in such records. See Kington, 801 F.2d at 737; Best, 2004

10

WL 2301233 at *3. In the absence of any Fourth Amendment violation, Movant is not entitled to § 2255 relief with respect to Grounds One, Three, and Four.

**B.    Ground Two**

In Ground Two, Movant claims that counsel rendered ineffective assistance by failing either to request either an evidentiary hearing with respect to the subject bank records evidence or to object to their use for sentencing purposes (Ground Two). Movant failed to raise his ineffective-assistance-of-counsel claim via a direct appeal.

The Supreme Court in Massaro v. United States, 538 U.S. 500 (2003), excepted ineffective-assistance-of-counsel claims from the general procedural default rule. Id. at 508-09 (noting that it is preferable to raise ineffective-assistance-of-counsel claims in a § 2255 motion as opposed to a direct appeal and that the failure to raise such a claim "on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Accordingly, this court will consider Movant's ineffective assistance of counsel claim in Ground Two on the merits instead of applying the "cause and prejudice" test set forth in Lynn and Mills.

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984). The analysis is two-pronged, and the court may decide ineffectiveness claims on either component. Id. at 697.

AO 72A
(Rev.8/82)

First, Petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Second, Petitioner must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. Strickland, 466 U.S. at 694. That is, Petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

At the outset, this Court concludes that the presence of a valid sentence-appeal waiver precludes Movant from challenging the use of the subject bank records for sentencing purposes. The Eleventh Circuit recognizes that a "valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir, 2005). A review of the Plea Agreement reflects that Movant waived "the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground." [Doc. 243 at 3]. At the plea colloquy, Movant communicated to the Court

that he understood the specifics of his sentence-appeal waiver. (Plea Transcript at 24-25). Based on this appeal-waiver provision, Movant is barred from presenting the instant ineffective-assistance-of-counsel claim as it relates to sentencing.

Further, as discussed above, Movant cannot demonstrate a Fourth Amendment claim that would serve to justify the suppression of the subject bank records at an evidentiary hearing. Movant, therefore, cannot demonstrate either that counsel rendered incompetent assistance or that he was prejudiced on any matter related to his failure to request such an evidentiary hearing. Accordingly, Movant is not entitled to § 2255 relief with respect to Ground Two.

## V. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Movant David Sean Whiteman's 28 U.S.C.§ 2255 motion [Doc. 60] is **DENIED**, that Movant's motion for appointment of counsel [Doc. 61] is **DENIED** as moot, and that the instant action is **DISMISSED**.

**IT IS SO ORDERED**, this 17 day of September, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE